IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARLOS CLAUDIO,** | : | CIVIL ACTION NO. 1:20-CV-434 |
| **Plaintiff** | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | |
| **STEWART ACKERMAN, PA,** | : | |
| | : | |
| **Defendant** | : | |

## MEMORANDUM

Plaintiff Carlos Claudio ("Claudio"), an inmate who was housed at all relevant times at the State Correctional Institution, Benner, Pennsylvania ("SCI-Benner"), initiated the above-captioned action on January 22, 2020 by filing a complaint in the Court of Common Pleas of Centre County, Pennsylvania. (Doc. 1-2). Claudio asserts that Physician Assistant Ackerman failed to provide adequate medical care. (Id.) Defendant Ackerman filed a notice of removal on March 13, 2020 (Doc. 1), and a motion to dismiss on March 18, 2020 (Doc. 5). For the reasons set forth below, the court will grant the motion to dismiss with respect to the federal Eighth Amendment claim and remand the remaining state law claims to the Court of Common Pleas of Centre County.

**I.     Factual Background & Procedural History**

On July 4, 2018, when Claudio was housed in general population at SCI-Benner, the prison went on administrative lockdown. (Doc. 1-2 ¶¶ 7-8). On July 6, 2018, Claudio was asked to leave his cell so correctional officers could search the cell. (Id. at ¶ 9). After the correctional officers completed the search, Claudio

returned to his cell, slipped on debris left on the floor, and landed on the left side of his leg. (Id. at ¶¶ 11-12). Claudio immediately requested medical attention and defendant Ackerman arrived at his cell "shortly thereafter." (Id. at ¶¶ 13-14). Defendant allegedly stated that "[b]y looking at [Claudio's] ankle[,] it appears to be broken." (Id. at ¶ 15). He then placed Claudio's leg in an immobilizer brace and gave him crutches and a wheelchair. (Id.) Claudio asserts that he asked defendant "if he believes or th[i]nk[s] [his] ankle may be broken and should it be placed into a cast." (Id. at ¶ 16). Defendant responded, "maybe or not", and advised Claudio that his ankle would be reexamined the next day. (Id. at ¶ 17).

On July 7, 2018, a physician assistant examined Claudio and ordered an x-ray to be conducted once the prison was no longer on administrative lockdown. (Id. at ¶ 18). Claudio alleges that the lockdown was lifted on July 9, 2018, but he continued to walk on his leg for an additional four days. (Id. at ¶ 19).

On July 17, 2018, another physician assistant examined Claudio's leg and ordered more x-rays. (Id. at ¶ 20).

On July 25, 2018, defendant Ackerman spoke to Claudio and told him that the x-rays showed a fracture of his left shinbone. (Id. at ¶ 21). Claudio alleges that he requested a cast but was denied the same. (Id.)

On September 27, 2018, another physician assistant allegedly told Claudio that his leg was not healing correctly because it was not treated properly during the early stages of his injury. (Id. at ¶¶ 23-24). The physician assistant also allegedly

stated that his leg should have been placed in a cast and not an immobilizer. (Id. at ¶¶ 25-26).

Claudio asserts that he continues to suffer from pain in his leg, ankle, and shinbone, and is limited in performing work and recreational activities. (Id. at ¶¶ 27-30).

Defendant moves to dismiss the complaint on three grounds: (1) failure to sufficiently plead deliberate indifference under the Eighth Amendment of the United States Constitution and the Pennsylvania Constitution; (2) failure to obtain a certificate of merit for the professional negligence claim, see PA. R. CIV. P. 1042.3; and, (3) failure to exhaust administrative remedies.[1] (Docs. 5, 6). The motion is fully briefed and ripe for resolution.

## II.    **Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is

---

[1] Although the court placed the parties on notice that it may consider exhaustion in its role as fact finder under Small v. Camden County, 728 F.3d 265 (3d Cir. 2013), (Doc. 14) (citing Paladino v. Newsome, 885 F.3d 203 (3d Cir. 2018)), we find that the Eighth Amendment claim can be resolved on the merits, and we do not reach defendant's argument regarding exhaustion of administrative remedies.

generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw

4

the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

### III. Discussion

#### A. Eighth Amendment Deliberate Indifference Claim

Claudio alleges that defendant was deliberately indifferent to his serious medical need, in violation of the Eighth Amendment, for failing to adequately treat his leg injury. (Doc. 1-2). The Eighth Amendment prohibits the infliction of cruel and unusual punishment on prisoners. Fuentes v. Wagner, 206 F.3d 335, 344 (3d Cir. 2000). In the context of medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). To establish an Eighth Amendment claim based on a prison's denial of medical care, an inmate must allege acts or omissions by prison officials that were sufficiently harmful to establish deliberate indifference to a serious medical need. See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004); Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003). The relevant inquiry is whether the defendant: (1) was subjectively deliberately indifferent (2) to the plaintiff's objectively serious medical needs. Farmer v. Brennan, 511 U.S. 825, 834, 837 (1994); Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 226 (3d Cir. 2015).

The "deliberate indifference" prong of the applicable Eighth Amendment analysis requires that the defendant actually know of and disregard "an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. Circumstantial evidence

can establish subjective knowledge on the part of the defendant if it shows that the excessive risk was so obvious that the official must have known about it. See Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001) (citing Farmer, 511 U.S. at 842). The Third Circuit has found deliberate indifference when a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." Rouse, 182 F.3d at 197.

The second prong of the Eighth Amendment inquiry is whether the plaintiff's medical needs were serious. A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth Cty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). Not every condition is a serious medical need; instead, the serious medical need element contemplates a condition of urgency, namely, one that may produce death, degeneration, or extreme pain. See id.

Moreover, because only egregious acts or omissions can violate this standard, mere medical malpractice cannot result in an Eighth Amendment violation. White v. Napoleon, 897 F.2d 103, 108-10 (3d Cir. 1990); Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("[M]edical malpractice does not become a constitutional violation merely because the victim is a prisoner."). The Supreme Court has held that negligence or inadvertence alone do not rise to the level of a constitutional violation. Whitley v.

Albers, 475 U.S. 312 (1986).  The Supreme Court has also noted that "[l]ack of due care suggests no more than a failure to measure up to the conduct of a reasonable person."  Daniels v. Williams, 474 U.S. 327, 332 (1986).  Where a state of mind is relevant, the complaint is inadequate if it merely contains conclusory allegations describing the requisite state of mind such as "intentionally" or "recklessly" without supporting factual allegations.  Wilson v. Seiter, 501 U.S. 294 (1991).

Additionally, prison medical authorities are given considerable latitude in the diagnosis and treatment of inmate patients, see Young v. Kazmerski, 266 F. App'x 191, 194 (3d Cir. 2008), and a doctor's disagreement with the professional judgment of another doctor is not actionable under the Eighth Amendment.  See White, 897 F.2d at 108-10.  Furthermore, it is well-settled that an inmate's dissatisfaction with a course of medical treatment, standing alone, does not give rise to a viable Eighth Amendment claim.  See Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990) ("[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights."); Pearson v. Prison Health Servs., 850 F.3d 528, 535 (3d Cir. 2017) ("[W]hen medical care is provided, we presume that the treatment of a prisoner is proper absent evidence that it violates professional standards of care.").

While housed in the general population at SCI-Benner, Claudio alleges that that the prison went on administrative lockdown and he was asked to leave his cell so correctional officers could search the cell.  (Doc. 1-2 at ¶¶ 7-9).  After the search was completed, Claudio returned to his cell, slipped and fell on debris on the floor,

7

and injured his leg. (Id. at ¶¶ 11-12). Claudio claims that he immediately requested medical attention. (Id. at ¶ 13). Shortly thereafter, defendant Ackerman arrived at Claudio's cell, examined his leg, placed his leg in an immobilizer brace, provided crutches and a wheelchair, and advised Claudio that he would be reexamined the following morning. (Id. at ¶¶ 14-15, 17). On July 25, 2018, defendant again treated Claudio and informed him that x-rays showed a fracture of the shinbone on his left leg. (Id. at ¶ 21). During that visit, Claudio allegedly requested a cast, but defendant did not place his leg in a cast. (Id.) Claudio maintains that his leg should have been placed in a cast, rather than an immobilizer brace. (Id. at ¶¶ 25, 30).

The court concludes that Claudio's allegations amount to, at most, a disagreement with defendant's decision not to place his leg in a cast, but rather, to place his leg in an immobilizer brace. A showing of deliberate indifference requires more. See Brown, 903 F.2d at 278; Pearson, 850 F.3d at 535. Claudio's own allegations provide that he received immediate medical attention and was treated by defendant Ackerman, as well as other physician assistants. Claudio's dissatisfaction with his medical treatment decisions simply does not rise to a constitutional violation. The most that can be said of Claudio's claim is that it asserts that defendant's professional judgment was deficient. As articulated above, this is not enough to rise to the level of a constitutional violation and courts will not second guess whether a particular course of treatment is adequate or proper. See Parham v. Johnson, 126 F.3d 454, 458 n.7 (3d Cir. 1997) (quoting Inmates of Allegheny Cty. Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979)); Spruill, 372 F.3d at

235 (holding that "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation). Moreover, there is no indication that defendant's actions were based on an ulterior motive beyond providing routine patient care. See Spruill, 372 F.3d at 237 (noting that in order to state a deliberate indifference claim, a plaintiff should in some way "connect[ ] his factual allegations to the alleged mental states" of the defendants). Accordingly, the court will grant defendant's motion to dismiss the federal Eighth Amendment Claim.

### B.  State Law Claims

Claudio asserts two additional state law claims. A district court, in its discretion, may decline to exercise supplemental jurisdiction over state law claims if the district court dismisses those claims over which it has original jurisdiction. See 28 U.S.C. § 1367(c)(3); Kach v. Hose, 589 F.3d 626, 650 (3d Cir. 2009). The court declines to exercise supplemental jurisdiction over Claudio's state law claims and will remand this action to the Court of Common Pleas of Centre County, Pennsylvania, for further proceedings.

## IV.  Leave to Amend

When a complaint fails to present a prima facie case of liability, district courts must generally grant leave to amend before dismissing the complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit Court of Appeals has

admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." Phillips, 515 F.3d at 245 (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004)).  For the reasons set forth above, Claudio's federal Eighth Amendment claim against defendant Ackerman is legally and factually flawed; thus, the court concludes that curative amendment would be futile with respect to this claim.

**V.     Conclusion**

We will grant defendant's motion (Doc. 5) to dismiss in part.  We will remand this matter to the Court of Common Pleas of Centre County, Pennsylvania, for further proceedings on Claudio's remaining claims.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     February 12, 2021